This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                      **NO.   28,781**

**MARCO MENDOZA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Silvia Cano-Garcia, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Liane E. Kerr, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant Marco A. Mendoza urges this Court to reverse his prison sentence and to remand to the district court for resentencing. Defendant was sentenced to a 108-year prison term after pleading guilty to eight counts of criminal sexual penetration in the second degree and no contest to an additional nine counts. Defendant also pleaded guilty to a single count of criminal sexual contact of a minor in the third degree. On appeal Defendant argues that he had a due process right to an independent expert to assist in allocution at sentencing, and that the district court erred in denying his request for State funding to pay for an independent expert evaluation.

Defendant's plea and disposition agreement contained "no agreements as to sentencing" and explicitly stated that the maximum penalty was nine years for each of the seventeen charges of criminal sexual penetration in the second degree and three years for the charge of criminal sexual contact of a minor in the third degree. Pursuant to the plea and disposition agreement, Defendant expressly waived

> any and all motions, defenses, objections or requests which the defendant has made or raised, or could assert hereafter, to the court's entry of judgment and imposition of a sentence consistent with this agreement. The defendant waives the right to appeal the conviction that results from the entry of this plea agreement.

Defendant acknowledged that his plea was made with the advice of counsel and that he understood the plea and disposition agreement, including "the range of possible sentences for the offenses charged." The plea and disposition agreement also

2

provided that "[i]f after reviewing this agreement and any presentence report the court concludes that any of its provisions are unacceptable, the court will allow the withdrawal of the plea." We affirm the district court, and hold that Defendant waived any defenses at sentencing and his right to appeal.

**DISCUSSION**

"[A] plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences . . . operates as a waiver of statutory or constitutional rights, including the right to appeal." *Stave v. Chavarria*, 2009-NMSC-020, ¶ 9, 146 N.M. 251, 208 P.3d 896 (internal quotation marks and citation omitted). In *Chavarria*, the defendant pleaded guilty to one count of murder and was sentenced to life in prison. *Id.* ¶ 1. The defendant later argued on appeal that his sentence constituted cruel and unusual punishment in violation of his constitutional rights. *Id.* Analyzing waiver provisions identical to those from Defendant's plea and disposition agreement, the New Mexico Supreme Court held that absent any challenge to the validity of the guilty plea itself, any right to challenge the constitutionality of the sentence is waived. *Id.* ¶ 16.

Where a defendant does not challenge the validity of a plea and disposition agreement, appellate review of a sentence is limited to jurisdictional errors. *Id.* ¶ 10. In *Chavarria*, the Court reasoned that the only jurisdictional question with respect to

the defendant's sentence was "whether [the matter before the court] falls within the general scope of authority conferred upon such court by the constitution or statute." *Id.* ¶ 11 (alteration in original) (internal quotation marks and citation omitted). Ultimately, the Court concluded that there was no basis for appeal based on a jurisdictional question where the district court's sentence was not inconsistent with the applicable sentencing guidelines. *Id.* ¶ 13.

Here, Defendant argues that his sentence was unconstitutional because the district court's denial of a second presentence report infringed upon his right to due process. We make no determination as to whether due process would have required a second presentence report under the facts of this case. Even if such a due process right did exist, pursuant to *Chavarria*, Defendant's decision to proceed with his sentencing without a reservation of his due process claim resulted in an express waiver of the right to raise this challenge on appeal. Thus, Defendant's basis for appeal is limited to the jurisdictional question of whether his sentence was illegal.

Defendant has not presented a jurisdictional argument asserting that his sentence was illegal or outside any authorized sentencing parameters. The offense of criminal sexual penetration in the second degree is a second degree felony. NMSA 1978, § 30-9-11(D) (2003) (amended 2009). Consistent with Defendant's plea and disposition agreement, second degree felonies are punishable by a sentence of nine

4

years. NMSA 1978 § 31-18-15(A)(4) (2003) (amended 2007). Having pleaded guilty or no contest to seventeen counts, Defendant was subject to incarceration of up to 153 years for these counts alone. Defendant does not set out any basis under which this Court can conclude that his 108-year sentence was illegal or inconsistent with the sentence parameters expressly authorized by law. In addition, Defendant never requested to withdraw his plea and disposition agreement.

**CONCLUSION**

For the foregoing reasons, Defendant waived any right to assert a constitutional due process argument at the time of sentencing and has provided no jurisdictional basis under which his sentence may be reversed. We affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

5